Thank you. Regarding questions on behalf of the Department of Health and Human Services, of course, I'm going to take a few minutes to review some of the sources of information that we have. While there have been various issues that have come up, there's one thing that I'm sure you may have missed, regarding the requirements of the Human Resources Statute. In terms of what you're saying, it's important to note that the Human Resources Statute is referring to all the funds that the agency accepts in the use of a certain agency, under various conditions in the use of a certain agency, or under various funds in the use of a certain agency. So, for example, Section 7, which is the separation agency, throughout the first two states, and also Section 9, which deals with coalitions, different agencies and places, is being disqualified from the use of funds. Looking at the first two sections of the specific agency here, in Section 7-24, this provision refers to, quote, retaining other agencies or organizations. Similarly, in the regulations that cover Section 7 coalitions, it's all take-ins, referred to, quote, as institutions, and those take-in regulations as institutions, as departments, as departments, as cities, and other forms of agency. So, for example, in Section 7 coalitions, there is consultation with the office of the agency. There's a section 7, which they go in there and say, fine, I'm going to just raise the regulations, and just let the state do what I want to do, and we'll do that. And so, it's all take-ins. And, of course, in addition here, Section 7-25, there's a problem, which is not a take-in. The reason for this is the agency said, good, good, because it's taking funds from the government of such and such. So, there are take-ins required. But the reason, as you can see, in Section 7-25, Section 7-25, Section 7-3, it's mostly less discussion. Moving from case to case, of course, the greatest concern is that the extension from Section 9 take liability is irrelevant to the services of Section 7 coalitions. So, if you're relying on the agencies, we agree, the GSA requires the agencies for the take-in, but the agencies, or organizations, have access to the extension. There's no discussion. That's part of the agency. And, again, it's also a policy concern. And, in some context, according to the extension from Section 9 take coalitions, it's not an extension. It's a separate requirement for the services of the agency. This is a change. But, you know, it takes time. This change is very obvious. The next thing is the precise issue here, whether the extension from Section 9 coalitions is sufficient to maintain the mutual repair ratios. In English, essentially, the historic situation is that the government has a decision on the mutual repair ratios, and the public policy considerations. And, clearly, that becomes a challenge as it comes to the benefits. And, so, there are reasons to be conscientious. But the argument has been repeated in each and every one of the courts. And, you know, you have to disperse, you have to push for a lot of sources. In the original, there had been a statutory term, and they had an interpretation of the title separate. This here, well, the establishment of the state board, well, they're talking about personal sanctions, corruptions, restrictions. And they're looking at interestingly, based on what they said there, the meaning of the term, which interprets it as a separate language. And, so, the state board is saying, well, that's not a good interpretation. Really, the only interpretation they have, and it's clearly interpreted as a word of reference, is their emotions. They're saying, well, excuse me, excuse me, but it's the word of speech, excuse me, I don't know, that's not what it means. So, I'm not going to go into any more argument in this. During the 1938, what, which is something that gives three sections, or I guess, I don't know, 21 statutes,  during the 1938, the the the the the the the the the the the the the the the     interpretation, actually, well, it's it's a
judges: O'scannlain, Clifton, N.R. Smith